# Supreme Court of the Navajo Nation

---

**Taft Blackhorse, Plaintiff/Appellant,**
v.
**Albert Hale, Arita Yazzie,**
**Kathleen Bowman, and the**
**Navajo Nation, Defendants/Appellees.**
**Decided October 31, 1997**

---

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

B.W. Freyburger, Esq., Gallup, New Mexico, for the Plaintiff/Appellant; and Luke A. Macik, Esq., Gallup, New Mexico, for the Defendants/Appellees.

Opinion delivered by CADMAN, Associate Justice.

We are asked to decide 1) whether the district court abused its discretion by dismissing the Plaintiff's complaint for failure to serve process within the six months time period of Nav. R. Civ. P. 6(f), and 2) whether the district court abused its discretion by failing to rule on Plaintiff's motion for extension of time to serve process under Nav. R. Civ. P. 6(b). We find that the district court abused its discretion and reverse the court's dismissal of the complaint.

I

The Plaintiff, Taft Blackhorse, filed a complaint against the Defendants on August 23, 1995. Summonses for all the Defendants were issued the next day. Because the Navajo Nation was a named defendant, service of process had to be made according to the Navajo Sovereign Immunity Act, 1 N.N.C. § 555(c) (1995). Under Nav. R. Civ. P. 6(f), service of process had to be completed by February 23, 1996. The Plaintiff hired Freeman Dreschner, a private process server, to serve process.

The Plaintiff's counsel claims he made several unsuccessful attempts to contact Dreschner as February 23, 1996 approached. On February 23, 1996, the Plaintiff filed a motion for enlargement of time for service pursuant to Nav. R. Civ. P. 6(b). In support, the Plaintiff alleged his inability to locate Dreschner at his house, at a different address given by Dreschner, and through telephone messages left at the number given by Dreschner. The district court never ruled on the motion for extension of time.

The Plaintiff claims he completed service of process on all the named Defendants by March 8, 1996. The Defendants, on the other hand, claim the President of the Navajo Nation and the Attorney General of the Navajo Nation were not served a copy of the complaint and summons by certified or registered mail. On March 11, 1996, the district court dismissed the action ruling that, although summonses had been issued, Rule 6(f) required it to dismiss the action for failure to complete service within six months.

## II

We addressed issues concerning Rules 6(b) and 6(f) of the Navajo Rules of Civil Procedure in *Lee, et al. v. Tallman, et al.*, 7 Nav. R. 246 (1996). Rule 6(f) states that "[a]n action shall be dismissed without prejudice if the summons is not issued and service completed within six months from the date of the filing of the complaint." In both *Lee* and this case, the district court read Rule 6(f) as mandatory and dismissed the action because service had not been completed within six months of filing of the complaint, although summonses were issued. In *Lee*, we said the civil rules should be flexible enough so that Rule 6(f) and Rule 6(b), read together, would permit enlargement of time to serve process. *Id.* at 248. We then held that "Rule 6(f) [was] not mandatory and an extension of time to serve process may be granted." *Id.* Thus, where summons has issued, Rule 6(f) is not mandatory (meaning requires dismissal) on the court, and a party is free to request enlargement of time to serve process using Rule 6(b).

A subsidiary issue is can Rule 6(f) ever be read as mandatory, considering that the words "shall be dismissed" are used in the rule? The answer is in the rule itself: When "summons is not issued and service completed" within the prescribed six months, the "action shall be dismissed." In other words, Rule 6(f) requires dismissal where both the summons was not issued and it was not served within six months. In both *Lee* and this case, summonses were in fact issued so Rule 6(f)'s mandatory dismissal did not apply. The district court abused its discretion when it ruled that Rule 6(f) required it to dismiss the Plaintiff's complaint for failure to serve process within six months, although summonses were issued.

The final question is whether the district court abused its discretion when it failed to rule on the Plaintiff's motion for enlargement of time to serve process. Again, in *Lee*, 7 Nav. R. at 248, we said that a party can request enlargement of time to serve process, so the district court is under an obligation to decide the Plaintiff's motion.

We reiterate that the district court "has discretion to grant or deny an extension of time to serve process." *Id.* Where the motion for enlargement of time to serve process is made before expiration of the six months required by Rule 6(b), the court must consider two factors to make its decision: due diligence and good cause. *Id.* at 249-251. Because these factors are considered on a case-by-case basis, this case will be remanded so the district court can decide the motion for

enlargement of time in light of our decision in *Lee*.

The Window Rock District Court's decision dismissing the Plaintiff's complaint in this case is reversed. The Plaintiff's case is remanded for further proceedings consistent with this opinion.